UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Ronald B. Jones, #08062707 | ) C/A No. 6:09-2673-DCN-WMC |
|---|---|
| *aka Ronald Bernard Jones*, | ) |
| Plaintiff, | ) **REPORT AND** |
| vs. | ) **RECOMMENDATION** |
| David P. Schwacke; Patricha Kennedy, | ) |
| Defendants. | ) |

The plaintiff, Ronald B. Jones ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is detained at the Hill-Finklea Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names two attorneys as defendants and claims denial of due process based on lack of due diligence by the public defenders. Plaintiff seeks monetary damages, as well as dismissal of his pending criminal charges.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] In as much as the plaintiff is seeking immediate release from custody by dismissal of pending criminal charges, he cannot obtain such relief under 42 U.S.C. § 1983. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). State court remedies must be exhausted prior to filing for federal habeas relief.

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the

2

court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff files a civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint in this case fails to allege either of these essential elements. Defendant Schwacke is the public defender appointed by the State to represent Plaintiff in his state criminal proceedings. A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The allegations against Defendant Schwacke relate to his function as counsel in Plaintiff's criminal proceedings, therefore he is not liable under § 1983.

In as much as Plaintiff may be claiming legal malpractice or negligence with respect to Defendant Schwacke's legal representation of Plaintiff, negligence and legal malpractice, both state law claims, are not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Claims under § 1983 must allege violation of a federal right, secured by the Constitution or laws of the United States, and not violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989). The complaint fails to state a claim on which relief may be granted against Defendant Schwacke.

Defendant Kennedy[3] is the Chief Public Defender, and as such, the supervisor of Defendant Schwacke. Liability cannot be imposed on Defendant Kennedy on the sole basis of actions taken by those under her supervision. It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977); *Polk County v. Dodson*, 454 U.S. at 325 ("Section 1983 will not support a claim based on a respondeat superior theory of liability.")(citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the subordinate's

---

[3] Inasmuch as Defendant Kennedy could be named as a defendant based on representing Plaintiff in his criminal proceedings, no claim may be stated for liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

4

actions which violate constitutional rights. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). The complaint claims Defendant Kennedy visited Plaintiff along with Defendant Schwacke in August 2009, to discuss his concerns and told Plaintiff he was "being look at right now, but yet there was 'no' results." The factual allegations against Defendant Kennedy fail to indicate authorization or indifference to violation of a constitutional right. The complaint fails to state a claim on which relief may be granted against Defendant Kennedy.

The complaint fails to state a claim under § 1983 and should be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii) (dismissal for failure to state a claim on which relief may be granted).

## **Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint in this case *without prejudice* and without issuance and service of process.

                                                    s/William M. Catoe
                                                    United States Magistrate Judge

November 19, 2009
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).